UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-254-KSF

CLAYTON ABLE, JR.                                                                                    PLAINTIFF

V.                            **MEMORANDUM OPINION AND ORDER**

JANET BOOTH and
    MICHAEL DIXON                                                                                DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Clayton Able, Jr., has filed this *pro se* complaint, challenging certain Orders entered by the Garrard District Court on May 19, 2010 and June 25, 2010, concerning the custody of his infant daughter, Claytonna Able. He claims the Orders were entered in violation of his state constitutional rights and his due process rights under the Fourteenth Amendment of the U.S. Constitution. The named defendants are Janet Booth, sitting judge on the Garrard District Court, and Michael Dixon, sitting judge on the Garrard Circuit Court. Plaintiff seeks the return of his infant daughter to his care.

Plaintiff's complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, this matter will be dismissed.

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Even so, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**FACTUAL BACKGROUND**

Based on the exhibits attached to plaintiff's complaint, on May 19, 2010, Garrard District Judge Janet Booth signed an Emergency Custody Order ("ECO") which placed plaintiff's infant daughter, Claytonna Able, in the emergency custody of the Cabinet for Families & Children ("CFC").[2] In entering this ECO, the court found that reasonable efforts were made to prevent the child's removal from the home and that the child was in immediate danger due to the parents' failure or refusal to provide for the safety or need of the child. At that time, the court also scheduled a Temporary Removal Hearing ("TRH") in this matter, identified as Case No. 10-J-00096-001, in Garrard Family Court on May 21, 2010, at 11:00 a.m. The ECO directed that the child's mother and father be present at the TRH, as well as the County Attorney and the CFC Worker.

It is unknown what happened at the TRH. Presumably, the District Court did not return plaintiff's infant daughter to his care and custody. Subsequently, on June 15, 2010, plaintiff filed a <u>Complaint For A Declaratory Judgment</u> in this juvenile case (No. 10-J-00096-001); on July 9, 2010, he filed a "Motion To Dismiss Petition" in the juvenile case; and on July 15, 2010, he amended his motion to dismiss the Juvenile Petition.

The status of the juvenile case in Garrard District Court is unknown. It is also unknown whether plaintiff's infant daughter is still in the care and custody of the CFC. Given the recent motions filed herein,[3] it appears that this juvenile case is still pending in Garrard District Court.

---

[2] It appears that the District Court entered that ECO based on the Juvenile Dependency, Neglect and Abuse Petition and accompanying Affidavit of Renae Hardin, a Social Service Worker with the CFC.

[3] On November 8, 2010, plaintiff moved for the appointment of counsel [DE #6], movant/non-party Cathy Jo Martin, *pro se*, filed a Petition for Joinder of Parties [DE #7], and plaintiff moved for the permissive joinder of parties [DE #8].

**DISCUSSION/ANALYSIS**

The *pro se* Plaintiff apparently misunderstands the role of this Court. To the extent that he wishes to challenge the Garrard District Court's decision to enter the ECO that placed plaintiff's infant daughter in the emergency custody of the CFC, assuming that this matter is still pending in Garrard District Court, he is advised that a civil action such as this is barred by *Younger v. Harris*, 401 U.S. 37 (1971) (directing abstention by the federal courts if matters are pending in a state proceeding as a matter of comity between state and federal courts). If, however, this juvenile case has been resolved, plaintiff is advised that a civil action such as this in this Court is barred under the *Rooker-Feldman* doctrine. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). However displeased Plaintiff is or was with the placement of his infant daughter in the care and custody of the CFC, his remedy is not to file a civil rights lawsuit in federal court. Instead, he must pursue appeals of that decision through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.[4]

There are alternative grounds for dismissing the claims against the named defendants Garrard District Court Judge Janet Booth and Garrard Circuit Court Judge Michael Dixon. Judges are

---

[4] Because this action is being dismissed, plaintiff's motion for the appointment of counsel and the various joinder motions will be denied as moot.

absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. at 359.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's complaint will be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

2. Plaintiff's motion for the appointment of counsel [DE #6] is **DENIED AS MOOT**.

3. The Petition for Joinder of Parties filed by movant/non-party Cathy Jo Martin [DE #7] is **DENIED AS MOOT**.

4. Plaintiff's Motion For Permissive Joinder of Parties [DE #8] is **DENIED AS MOOT**.

This November 19, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge